defendant for doing a thing to which he not only consented, but jointly acted therein with the defendant."

In Priest v. Watkins, 2 Hill, 225, a note belonging to the estate of the intestate was paid·to his widow. She subsequently united with another in taking out letters of administration, and they then brought an action upon the note in their representative capacity, and it was held "that, notwithstanding the provisions of the Revised Statutes as to executors de son tort, the letters related back to the time of the intestate's death, and therefore the payment to the widow was a bar to the action."

Upon the facts and circumstances disclosed in this case, we think a court of equity ought not to allow the plaintiff to overhaul the settlement which she deliberately made, without any fraud, with the defendant. Besides, it appeared upon the trial that there was an equitable adjustment made between the parties, and that the defendant has, by means of the settlement, obtained no more than was equitably her due from the intestate, and by reason of the terms of the lease, and that the defendant surrendered such lien or rights as she had to enforce the collection and payment of the rent reserved in the lease. The findings of fact made by the referee, as already intimated, are warranted by the evidence delivered before him. We have looked at the rulings criticised by the appellant, and do not find that any error was committed by the referee which requires us to interfere with the conclusion which he reached upon the hearing. We think the referee's report should be sustained.

Judgment affirmed, with costs. All concur.

---

(8 App. Div. 390)

EDWARDS v. BUFFALO, R. & P. RY. Co.·

(Supreme Court, Appellate Division, Fourth Department. July 30, 1896.)

RAILROAD COMPANIES—FENCING TRACK—PERSONS IN POSSESSION.

Defendant railroad company, which has a traffic arrangement with another railroad company, by which it is permitted to run a train daily over the road of such other company, is not a person in possession of the road (Laws 1892, c. 676, § 32), so as to be liable for injuries to stock caused by failure to keep the track fenced. Ward, J., dissenting.

Appeal from trial term, Erie county.

Action by Isaac Edwards against the Buffalo, Rochester & Pittsburgh Railway Company to recover for two horses killed by defendant's locomotive. From a judgment entered on a verdict directed for plaintiff for $446.46, and from an order denying a motion for a new trial, made on the minutes, defendant appeals. Reversed.

Plaintiff alleges that at the time of the occurring of the injuries alleged in the complaint to the plaintiff's property, to wit, on the 2d of November, 1893, "the defendant above named was running its trains over a portion of a line of railroad owned by the Lehigh Valley Railway Company; that said defendant at that time was running its trains over said road by virtue of an agreement made by said defendant for that purpose, and said defendant was a lessee of said road for the purpose of running its trains over said road as aforesaid, and said defendant was in lawful possession of said road for the purpose of running its trains over said road as aforesaid; * * * that said line of railroad crosses Seneca street, in said city of

Buffalo, about one-eighth of a mile westerly of its intersection with Bailey avenue; * * * that along the southerly line of said railroad, between Seneca street and Bailey avenue as aforesaid, there is no fence;" and there was no fence on the 2d day of November, 1893, when the plaintiff's two horses were killed, having escaped from the yard of the plaintiff "by reason of there being no fence along said line of railroad as aforesaid, as required by chapter 565 of the Laws of 1890, as amended by chapter 367 of the Laws of 1891, and by chapter 676 of the Laws of 1892, of the State of New York, said horses strayed upon said railroad, and said horses were run over and killed." At the close of the plaintiff's evidence, the defendant moved for a nonsuit, on the grounds (1) that no cause of action was shown; and (2) no negligence on the part of the defendant was shown. The motion was denied, and an exception was taken. At the close of the entire evidence, the defendant asked the court to direct a verdict upon the same grounds as those upon which the motion for a nonsuit had been made. Its motion was denied, and an exception was taken. Thereupon the plaintiff moved for a direction of a verdict for the plaintiff, and the court directed a verdict for the plaintiff for the value of the horses and interest from November 18, 1893, to wit, $446.46. A motion was made by the defendant for a new trial on the minutes, which was denied.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and GREEN, JJ.

Henry G. Danforth, for appellant.
Frank W. Saunders, for respondent.

HARDIN, P. J. Whether the defendant is liable for the injuries sustained by the plaintiff must be solved by a consideration of section 32 of the railroad law, being chapter 676 of the Laws of 1892. In that section it is provided as follows:

"Every railroad corporation, and any lessee or other person in possession of its road, shall, before the lines of its road are opened for use, and so soon as it has acquired the right of way for its roadway, erect and thereafter maintain fences on the sides of its road of height and strength sufficient to prevent cattle, horses, sheep and hogs from going upon its road from the adjacent lands with farm crossings and openings with gates therein at such farm crossings whenever and wherever reasonably necessary for the use of the owners and occupants of the adjoining lands, and shall construct where not already done, and hereafter maintain, cattle-guards at all road crossings, suitable and sufficient to prevent cattle, horses, sheep and hogs from going upon its railroad. So long as such fences are not made, or are not in good repair, the corporation, its lessee or other person in possession of its road, shall be liable for all damages done by their agents or engines or cars to any domestic animals thereon." ·

Apparently, the language of the section declares the duty enjoined against three parties: (1) A railroad corporation; (2) any lessee of the corporation; and (3) other person in possession of its road. We are called upon to say by the evidence, in order to support the contention of the respondent, that the defendant is a lessee of the road, or that it was in possession of the road at the time of the injuries complained of. No written lease was produced authorizing the defendant to take possession of the unfenced road, nor requiring it to pay rent for the use of the real estate; nor was there any evidence authorizing it to take possession of the Lehigh Valley road.

The several statutes preceding the act of 1892 are referred to in Throne v. Railroad Co., 88 Hun, 144, 34 N. Y. Supp. 525. In the course of the opinion delivered in that case, it was said:

"We are of the opinion that the word 'agents,' in the statute, has reference only to the agents of the corporation or person operating the road, and that neither the engines nor cars which in this case caused the damages, nor the employés operating them, can be said to have been the agents of the defendant."

Respondent calls our attention to Tracy v. Railroad Co., 38 N. Y. 433. When that case was decided, the statute provided that every railroad should maintain fences on the sides of their roads; and it was there held that the defendant "was essentially an owner and operator of the road over which its cars passed, and therefore liable for the injuries which were sustained." The case is quite distinguishable from the one before us.

The respondent calls our attention to Burchfield v. Railway Co., 57 Barb. 589, which was decided in 1870. In that case it appeared that the defendant was running a railroad belonging to another corporation, "and using it for the ordinary purposes of a railroad, for its own benefit, under and by virtue of a written agreement with the owners, and for a period of time only fixed by the terms of a lease made to another corporation, and assigned to the defendant, who agreed to pay the rent reserved in said lease." And in that case it was held that the defendant was a lessee of the road, within the meaning and intent of the act of 1854, which amended the act of 1850 by extending its provisions to any lessee of any railroad. In that case it appeared very clearly that the defendant was in possession of the railroad upon which the injury happened, and that such possession was under the written lease assigned to it; and therefore it was properly held that it was within the expression found in the statute, "a lessee," and therefore bound to comply with the provisions of the law requiring fences to be erected by the owners or lessees. By the use of the words "any lessee or other person in possession of its road," the legislature evidently intended to visit upon a lessee or a receiver in possession of the road the same burden as was cast by the antecedent part of the section upon the owner; and the history of the legislation since 1850, referred to in Throne v. Railroad Co., 88 Hun, 144, 34 N. Y. Supp. 525, seems to warrant the conclusion that the duty was cast upon a party having the actual possession of the road. The evidence fails to show that the defendant was in actual possession, or was a lessee of the road, at the time the injuries were occasioned. There is nothing in the case to indicate any negligence on the part of the defendant. We are of the opinion that the evidence is insufficient to sustain the right of recovery against the defendant. We therefore think the exceptions are well taken to the refusal of the motion for a nonsuit, and to the direction of a verdict for the plaintiff.

Judgment and order reversed, and a new trial ordered, with costs to abide the event. All concur, except WARD, J., dissenting.

WARD, J. (dissenting). The statute known as the "Railroad Law" (section 32) made every railroad corporation and any lessee "or other person in possession of its road" liable under certain con-

ditions for killing or injuring animals upon railroads that were not fenced as the statute requires. The defendant had a traffic arrangement with the Lehigh Valley Railroad Company, whereby it was permitted to pass a train daily over the Lehigh road in connection with its business as a railroad corporation. When that arrangement was made, and when the plaintiff's horses were killed, the road, at the point where they were killed, was unfenced, and in consequence thereof the plaintiff's horses strayed upon the track, and were killed by the defendant's train. I think the statute under consideration should receive a fair and liberal construction. Its purpose evidently was to make any railroad corporation liable that was using an unfenced track upon which animals were killed by its trains. It was not necessary that the defendant should have had exclusive possession of the Lehigh road. It was only necessary that it should have the right of possession and an actual possession for the purposes of its train. With all due respect, I think the view taken by the majority of the court gives too limited a construction to the statute, and defeats the purposes of the legislature in enacting it.